UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **FRANK L. RUSNAK,** | **CASE NO. 1:04CV00313** |
| **PLAINTIFF** | **(DLOTT, J.)** |
| | **(HOGAN, M.J.)** |
| **VS.** | |
| **DOLLAR GENERAL CORPORATION** | |
| **DEFENDANT** | |

### ORDER

The Court conducted an informal conference on October 26, 2005 in response to a discovery dispute. The discovery deadline is November 1, 2005, although both parties have moved for a short extension until November 18, 2005. Although this Court cannot speak for the District Judge who authored the Calendar Order, we must assume that in light of the scheduled trial date in June, 2006 and the relatively brief period of the extension requested, that the joint Motion would be granted.

This is an age discrimination case. Plaintiff was terminated from his employment with Defendant. Plaintiff was a real estate representative, whose job was to locate sites for and open stores and who was fired, according to Defendant, for failure to meet expected performance goals. Plaintiff's theory of the case is that he was fired because of his age, while younger employees, who were retained, met their goals through improper behavior and that Defendant had notice of that fact.

The dispute centers around material requested in follow-up correspondence to a series of Plaintiff's Document Requests. Plaintiff seeks to discover from Defendant "all documents relating to the investigation, conducted by Defendant's lawyers, and subsequent termination of comparators, decision-makers and supervisors." Counsel for Defendant represented that the "investigation," to which Plaintiff refers, was conducted during the month of September, 2005 and that it dealt with activities occurring after March, 2005. Plaintiff was terminated during approximately the last quarter of 2003. Plaintiff's information is that the investigation was about

alleged kickbacks to Defendant's representatives from developers and contractors.  Defendant's representation is that it was about the use of unauthorized brokers.

Thus, it would appear that the disclosure of the material requested by Plaintiff would not be of assistance to him in his attempt to show that the *comparators* were aided in achieving performance goals in light of the date of his termination and the scope of the investigation.  Although such behavior is certainly indicative of job performance after March, 2005, it is not indicative of the job performance of those comparators as of the date of Plaintiff's termination in 2003.

Plaintiff seeks to depose two comparators and two of Plaintiff's supervisors in the next two weeks and represents that two members of that group of four were terminated or otherwise disciplined by Defendant after the investigation was concluded.  Thus, Plaintiff makes the argument that these four are likely trial witnesses and the investigation would provide Plaintiff material for impeachment purposes and that Defendant "opened the door" by inquiring about unethical behavior of Plaintiff during his deposition.  The credibility argument makes the most sense to us, especially with reference to supervisors and decision-makers.

In the face of these arguments, Defendant says that Plaintiff never made a Document Request upon which a Motion to Compel or its informal equivalent could be based.  Plaintiff disagrees and points us to Document Requests 1(f) and ll.  We largely agree with Plaintiff, but point out that not all supervisors may be decision-makers.  However, the two Requests cover only comparators and supervisors.  We would assume that all decision-makers are supervisors, but that not all supervisors are decision-makers. Defendant argues that the investigation is irrelevant to Plaintiff's claim that he was terminated because of his age and we agree, insofar as the merits of the case is concerned.  We disagree with Defendant that all it takes to assert a attorney-client privilege is to assert that a company lawyer conducted the investigation.  A lawyer, who functions as an investigator, is not functioning as a lawyer and not entitled to assert the privilege.  The last argument advanced by Defendant is the most compelling and it is that the results of the investigation, as evidenced by discipline imposed against employees, is reflected in the personnel files of those employees and that those personnel files have been disclosed.

Defendant says that the personnel files it did disclose contain both the facts uncovered by the investigation and the discipline rendered for *real estate department employees*.  There, however, is no representation that there was a disclosure of personnel files of supervisors and/or

decision-makers who were not members of the real estate department.  Therefore, an inquiry into the investigative results, as it affects supervisors and decision-makers outside the real estate department and whose credibility may be called into question, is appropriate.

Plaintiff's Request that Defendant disclose "all documents relating to the investigation" is, however, entirely too broad.  Defendant shall disclose, pursuant to an appropriate Protective Order, its investigative results (the report) as those results impact supervisors and decision-makers.  This disclosure shall be made prior to the depositions of any supervisors yet to be deposed and does not require the disclosure of every memorandum and e-mail that may "relate to" said investigation.  In the event said report contains legal advice, discussions of options available to Dollar General or recommendations to Dollar General's management, those portions can be redacted as legitimate attorney-client material.

It is so ordered.


October 28, 2005                                   s/Timothy S. Hogan
                                                   Timothy S. Hogan
                                                   United States Magistrate Judge